IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN H. LY, | No. CIV.S-04-1191 DAD |
| Plaintiff, | |
| v. | ORDER |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | |
| Defendant.<br>_____/ | |

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Van Ho Ly applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript (Tr.) at 46-49.) The Commissioner denied plaintiff's

1

application initially and on reconsideration. (Tr. at 34-37, 39-42.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on August 19, 2003, at which time plaintiff was represented by an attorney. (Tr. at 157-70.) In a decision issued on September 22, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 14-21.) The ALJ entered the following findings:

> 1. Ms. Ly has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. Ms. Ly may have minor aches and pains due to arthritis.
>
> 3. Ms. Ly does not have any impairment or impairments that significantly limit her ability to perform basic work-related activities. Ms. Ly does not have a severe impairment (20 CFR § 416.921).
>
> 4. Ms. Ly was not disabled under the Act at any time through the date of this decision (20 CFR § 416.920(c)).

(Tr. at 21.) The Appeals Council declined review of the ALJ's decision on April 23, 2004. (Tr. at 4-6.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on June 22, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

3

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff argues in her motion for summary judgment that the ALJ erred in not finding plaintiff's alleged headaches to be a severe impairment at step two of the sequential evaluation. It is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely

4

they would be disabled even if age, education, and experience were taken into account. <u>Yuckert</u>, 482 U.S. at 153. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" <u>Smolen</u>, 80 F.3d at 1290 (citations omitted). <u>See also</u> 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). It has been recognized that the step-two inquiry is but "a <u>de minimis</u> screening device to dispose of groundless claims." <u>Smolen</u>, 80 F.3d at 1290 (citing <u>Yuckert</u>, 482 U.S. at 153-54). <u>See also</u> <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1158 (9th Cir. 2001).

        The court finds that the administrative record contains substantial evidence supporting the ALJ's determination at step two that plaintiff does not suffer from a severe impairment. While plaintiff occasionally complained of headaches to her treating physician, Phung Vo Ha, M.D., the doctor's treatment notes do not reflect any significant limitations suffered by plaintiff in this regard. (Tr. at 134-56.) Moreover, a consulting psychologist (Tr. at 91-95); consulting internist (Tr. at 96-102); and consulting family practitioner (Tr. at 112-16) each examined plaintiff and found no significant limitations with respect to her headaches. The nonexamining state agency physicians similarly found no significant limitations, and one opined that plaintiff was malingering. (Tr. at 103-05, 120-33.) These medical records and reports amount to

substantial evidence supporting the finding that plaintiff's alleged headaches have no more than a minimal effect on her ability to work.

The only other argument advanced by plaintiff is that the ALJ should have taken testimony from a vocational expert at the administrative hearing.  However, the issue of whether vocational expert testimony is necessary does not arise until step five of the sequential analysis.[1]  Here, the ALJ properly determined that plaintiff did not have any impairment or impairments that significantly limit her ability to perform basic work-related activities.  As a result, the ALJ appropriately found plaintiff not disabled and ended the inquiry at step two of the sequential evaluation.  Testimony from a vocational expert was not required and plaintiff's argument to the contrary is simply misplaced.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

/////

/////

---

[1] Specifically, at step five the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the medical-vocational guidelines ("grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert. See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

1      3.  The decision of the Commissioner of Social Security is
2  affirmed.
3  DATED: September 1, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\ly1191.order